# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID LEE A. WILLIAMS,
        Plaintiff,

      v.                                          Case No. 06-C-597

DR. MICHAEL GREBNER, MEDICAL FEDERATION,
CHRISTINE BECKER, ERIKA COATES,
MELISSA VAN HOFF and CHARLES FITZGERALD,
        Defendants.

## ORDER

Plaintiff David Lee A. Williams, who was formerly detained at the Milwaukee County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is proceeding in forma pauperis on an Eighth or Fourteenth Amendment claim that the defendants were deliberately indifferent to his serious medical needs. Both parties have filed dispositive motions and the defendants have filed motions to strike related to the dispositive motions. In addition, plaintiff has filed several non-dispositive motions. This order addresses only plaintiff's non-dispositive motions.

On June 20, 2007, plaintiff filed a "Motion of Disposition" in which he summarizes his complaint allegations and concludes that defendants are guilty of violating his constitutional rights. Other than a ruling on the merits of this case in his favor, it is unclear what plaintiff seeks by way of his motion. However, I cannot rule in plaintiff's favor based on his motion. Moreover, I cannot construe the motion as a dispositive motion, because plaintiff presents no evidence for the court to consider. As such, plaintiff's motion will be denied.

On August 17, 2007, plaintiff filed a "Motion of Relevance" – really a motion to compel discovery. Plaintiff requests that the court order defendants to produce his discovery

request of all inmates on the medical or residential unit of the Milwaukee County Jail from August 16, 2005 until December 19, 2006. According to plaintiff, his discovery request is relevant because it will reveal all of the other complaints filed against the Milwaukee County Jail medical staff and it will provide the court with additional information in support of plaintiff's claim of abuse of his constitutional rights. Defendants respond that plaintiff's request is ambiguous, overly broad, unduly burdensome, and/or privileged. Defendants also object to the request on the basis that the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. I agree with defendants that the requested information is irrelevant to plaintiff's claim that defendants did not provide him with proper medical care in that they failed to dispense his prescribed medication. Therefore, this motion will also be denied.

On August 28, 2007, plaintiff filed a "Motion of Acknowledgment" seeking "an administrative review of the ratio of a demography of complaints filed over a duration by the complaintant of complaintant's filed against, the medical staff and Dr. Grebner [sic]." Plaintiff's request is unclear; however, it appears to be related to the discovery request discussed above in that he is seeking information about complaints filed by other Milwaukee County Jail inmates. As indicated, this is not relevant to the claim upon which plaintiff is proceeding. Thus, this motion will additionally be denied.

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion for order (Docket #39) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order of relevance (Docket #50) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion of acknowledgment (Docket #67) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16 day of November, 2007.

/s_____
LYNN ADELMAN
District Judge

3

Case 2:06-cv-00597-LA   Filed 11/16/07   Page 3 of 3   Document 75